UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
MAR 0 7 2008  NF
Mar 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| LAKITTA HERNANDEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, OF AMERICA, SINAI )<br>HEALTH SYSTEM, a corporation, MOUNT )<br>SINAI HOSPITAL MEDICAL CENTER OF )<br>CHICAGO, a corporation, SINAI )<br>MEDICAL GROUP, LTD., a corporation, )<br>HOLDY CROSS HOSPITAL, a corporation, )<br>SANDEEP KHOSLA, M.D., MICHAEL )<br>SLATER, M.D., ELIZABETH CLARK, )<br>M.D., EMERGENCY ROOM CARE )<br>PROVIDER, S.C., a corporation, PAUL )<br>ALLEGRETTI, D.O., HANNA HEALTH, )<br>P.C., a corporation, and NAGUI HANNA, )<br>M.D. )<br>Defendants. ) | No. 08 C 1380<br><br>Judge Kocoras<br><br><br>Formerly Case No. 07 L 008301<br>Circuit Court of Cook County, Illinois |

**UNITED STATES OF AMERICA'S MOTION TO DISMISS**
**COMPLAINT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, moves this court pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the complaint against the United States of America for lack of subject matter jurisdiction because of plaintiff's failure to exhaust administrative remedies under the Federal Tort Claims Act. In support of this motion, the United States of America states as follows:

1. On March 7, 2008, the United States of America caused this case to be removed to federal court.

1

2. By operation of law, the United States of America was substituted as the proper party defendant replacing one defendant, Jose Daniel Benatar, M.D.

3. This case is a tort claim.

4. The Federal Tort Claims Act ("FTCA") provides the exclusive remedy for personal injury arising from torts committed by those acting within the scope of their federal duties. 28 U.S.C § 2679(b)(1).

5. As an absolute prerequisite to seeking relief under the FTCA, tort claims against the United States must first be presented to the appropriate federal agency. Plaintiff may not bring a tort claim against the United States of America in federal court until all administrative tort remedies have been exhausted. 28 U.S.C § 2675(a).

6. This administrative requirement is jurisdictional and cannot be waived. *Deloria v. Veteran's Administration, et al.*, 927 F.2d 1009, 1011 (7th Cir. 1991). *Best Bearings v. United States of America*, 463 F.2d 1177, 1179 (7th Cir. 1972).

7. Plaintiff does not make any allegations as to having filed an administrative claim with any federal agency for any alleged injuries suffered by plaintiffs.

8. Attached as Exhibit 1 to this motion is the Declaration of Daretia Hawkins, an attorney with the Department of Health and Human Services. Her declaration establishes that plaintiff has not filed an administrative tort claim with the United States Department of Health and Human Services.

9. Because no exhaustion of administrative remedies has occurred, this court lacks subject matter jurisdiction over the tort claims of the United States and the complaint must be dismissed pursuant to Rule 12(b)(1).[1]

WHEREFORE, United States of America requests this court to dismiss the United States as the defendant substituted for Jose Daniel Benatar, M.D. and remand the remaining portion of this case back to state court.

                    Respectfully submitted,

                    PATRICK J. FITZGERALD
                    United States Attorney

By: s/ Ann L. Wallace
     ANN L. WALLACE
     Assistant United States Attorney
     219 South Dearborn Street
     Chicago, Illinois 60604
     (312) 886-9082
     ann.wallace@usdoj.gov

---

[1] In evaluating a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the court may properly look beyond the jurisdictional allegations of the complaint and consider whatever evidence has been submitted to determine whether in fact subject matter jurisdiction exists. *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979); *MSA Realty Corp. v. State of Ill.*, 794 F.Supp. 267, 271 (N.D. Ill. 1992), aff'd, 990 F.2d 288 (7th Cir. 1993); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)(consideration of materials outside of pleadings, such as affidavits or documents, in ruling on Rule 12(b)(1) motion is permissible and does not convert motion into one under Rule 56 for summary judgment).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Lakitta Hernandez, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 08C 1380 |
| ) | |
| Sinai Health System, a corporation, ) | |
| Mount Sinai Hospital Medical ) | |
| Center of Chicago, a corporarion, ) | |
| Sinai Medical Group, LTD., a ) | |
| corporation, Holy Cross Hospital, ) | |
| a corporation Sandeep Khosla, M.D.,) | |
| Jose Daniel Benatar, M.D., Michael ) | |
| Slater, M.D., Elizabeth Clark, M.D., ) | |
| Emergency Room Care Provider, ) | |
| S.C., a corporation, Paul Allegretti, ) | |
| D.O., Hanna Health, P.C., a ) | |
| corporation, and Nagui Hanna, M.D.,) | |
| ) | |
| Defendants. ) | |

DECLARATION OF
DARETIA HAWKINS

1. I am an Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Branch that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

-2-

3. As a consequence, if a tort claim had been filed with the Department with respect to Access Community Health Network f/k/a Sinai Family Health Centers, its approved delivery sites, or its employees or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4. I caused a search of the Claims Branch's database to be conducted and found no record of an administrative tort claim filed by Lakitta Hernandez, or her authorized representative relating to the health center or Dr. Jose Benatar.

5. I have also reviewed official agency records and determined that Access Community Health Network was deemed eligible for Federal Tort Claims Act malpractice coverage effective July 1, 1997, and that its coverage has continued without interruption since that time. A copy of the notification by an Assistant Surgeon General, Department of Health and Human Services, to Access Community Health Network are attached to this declaration as Exhibit 1.

6. Official agency records further indicate that Dr. Jose Benatar was an employee of Access Community Health Network at all times relevant to Plaintiff's claim.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 19th day of February, 2008.

*Daretia Hawkins*
DARETIA HAWKINS
Attorney, Claims and Employment Law Branch
General Law Division
Office of the General Counsel
Department of Health and Human Services