KAH/tls       07-0079

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAKITTA HERNANDEZ, ) | |
| ) | No. 08 C 1380 |
| Plaintiff, ) | |
| ) | Judge Kocoras |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, SINAI ) | |
| HEALTH SYSTEM, a corporation, et al., ) | Formerly Case No. 07 L 008301 |
| ) | Circuit Court of Cook County, Illinois |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO REMAND THE INSTANT CAUSE
TO THE CIRCUIT COURT OF COOK COUNTY,
OR IN THE ALTERNATIVE FOR PARTIAL REMAND**

Plaintiff, LAKITTA HERNANDEZ, asks that this case be remanded and expressly denies that the Court has jurisdiction under the Tort Claims Act, in that Jose D. Benatar, M.D. was not, at the time of the actions complained of, acting in the scope of his employment as an employee of the United States, in support of which Plaintiff states as follows:

1.     That on August 2, 2007, she filed a complaint in the Circuit Court of Cook County seeking damages for injuries she sustained because of the medical malpractice of a number of different defendants, including Jose D. Benatar, M.D.  A copy of her complaint is attached hereto as Exhibit A.

2.     On November 2, 2007, Benatar, by and through his attorneys, Bollinger, Ruberry & Garvey, filed an appearance and on December 21, 2007, filed an answer to the Complaint.  (Exhibit B).

3. On March 7, 2008, the United States filed a Petition to Remove the instant case upon the Affidavit of the United States Attorney that Access Community Health Network was receiving grant money pursuant to 42 USC §233 and that Dr. Benatar was acting within the scope of his employment with respect to the incidents referred to in the Complaint.

4. That on March 18, 2008, the Court authorized preliminary discovery in connection with the issue of Dr. Benatar's employment which has not yet been concluded. As the Court was advised by Plaintiff's counsel on March 18, 2008, even before such discovery is complete, the Plaintiff has every reason to believe in good faith that the services she received from Dr. Benatar were not in the scope of any governmental employment.

5. First, Plaintiff never saw Dr. Benatar at Access Community Health Network, but only at Mount Sinai Hospital or as an outpatient at Sinai Medical Group. In that regard, she has received bills for Dr. Benatar's services from Sinai Medical Group but not from Access Community Health Network.

6. Plaintiff's Complaint was not filed against Access. Dr. Benatar's Answer to the Complaint does not deny being an agent of Sinai Medical Group during the time alleged in Plaintiff's Complaint nor did it in any way suggest that he saw Plaintiff in connection with his employment for Access. (Exhibit B). On information and belief, Dr. Benatar was being represented by counsel retained on his behalf by ISMIE, an independent insurance carrier, consistent with his conducting a private practice separate from that of treating patients as a governmental employee.

7. The matters complained of with respect to Dr. Benatar, as supported by the physician's report filed in the Circuit Court of Cook County (Exhibit C), are alleged to have

occurred on one occasion, August 19, 2005. There is nothing which suggests that Dr. Benatar was acting as an agent for Access at that time. He never suggested to the Plaintiff he was associated with Access, and Plaintiff's medical records and bills for these events are devoid of any mention of Access and involve only the Sinai entities.

8.  This Motion is supported by the Affidavit of Plaintiff which is attached hereto as Exhibit D.

9.  By reason of the foregoing, Plaintiff believes that there is in fact no nexus between the services rendered by Dr. Benatar for the Plaintiff and any employment he may have had with Access, and in the absence of such a nexus, this matter is not within the scope of the Federal Tort Claims Act, and there would therefore be no basis for removal or federal jurisdiction, and that Plaintiff therefore respectfully requests that the case be remanded to the Circuit Court of Cook County.

10. In the event, however, that the discovery supports a finding that there is a federal claim involved, Plaintiff respectfully asks the Court to exercise its discretion to remand all Defendants other than the United States of America to the Circuit Court of Cook County pursuant to the policy of not interfering with state court proceedings unless the authority to do so is clear.

11. In the case at bar, none of the claims against the other Defendants are contingent or dependent upon the claim against Dr. Benatar, nor are any of them independently removable. Medical malpractice is, of course, a matter upon which state law and interests predominated. Accordingly, this Court is authorized to remand the other Defendants pursuant to 28 USC 1441 [c], even while Dr. Benatar is before this Court, and certainly if he is dismissed from the case.

Wherefore, the Plaintiff asks that this Court

(A) find that there was no grounds for removal and that therefore it is without jurisdiction and therefore to remand the entire proceeding to the Circuit Court of Cook County;

(B) that in the event the Court finds that removal was proper, that it remand the other Defendants to the Circuit Court of Cook County; and

(C) that the Plaintiff be granted such further or additional relief as she may be entitled to in the premises.

/s/Keith A. Hebeisen
Attorneys for Plaintiff
Keith A. Hebeisen #6185378
Robert A. Strelecky
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle, Suite 3100
Chicago, IL  60602
(312) 899-9090
kah@cliffordlaw.com