KAH:lmw:tls        7N0089

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| LAKITTA HERNANDEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SINAI HEALTH SYSTEM, a corporation, )<br>MOUNT SINAI HOSPITAL MEDICAL CENTER )<br>  OF CHICAGO, a corporation, )<br>SINAI MEDICAL GROUP, LTD., a corporation, )<br>HOLY CROSS HOSPITAL, a corporation )<br>SANDEEP KHOSLA, M.D., )<br>JOSE DANIEL BENATAR, M.D., )<br>MICHAEL SLATER, M.D., )<br>ELIZABETH CLARK, M.D., )<br>EMERGENCY ROOM CARE PROVIDER, S.C., )<br>  a corporation, )<br>PAUL ALLEGRETTI, D.O., )<br>HANNA HEALTH, P.C., a corporation, )<br>NAGUI HANNA, M.D., )<br>)<br>Defendants. ) | Court No.<br><br>**PLAINTIFF DEMANDS**<br>**TRIAL BY JURY**<br><br>2007L008301<br>CALENDAR/ROOM E<br>TIME 00:00<br>Medical Malpractice |

## COMPLAINT AT LAW

## COUNT I - MEDICAL NEGLIGENCE

Plaintiff, LAKITTA HERNANDEZ, by her attorneys, CLIFFORD LAW OFFICES, P.C., complaining of Defendants, SINAI HEALTH SYSTEM, a corporation, and MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, a corporation, (hereinafter collectively referred to as "MSH"), SINAI MEDICAL GROUP, LTD., a corporation, (hereinafter "SMG"), HOLY CROSS HOSPITAL (hereinafter "HCH"), SANDEEP KHOSLA, M.D., (hereinafter"KHOSLA"), JOSE DANIEL BENATAR, M.D., (hereinafter "BENATAR"), MICHAEL SLATER, M.D., (hereinafter "SLATER"), ELIZABETH CLARK, M.D., (hereinafter "CLARK"), EMERGENCY

ROOM CARE PROVIDER, S.C., a corporation, (hereinafter "EMERGENCY"), PAUL ALLEGRETTI, D.O., (hereinafter "ALLEGRETTI"), NAGUI HANNA, M.D., (hereinafter "HANNA"), HANNA HEALTH, P.C., a corporation, (hereinafter "HEALTH"), and each of them, states as follows:

1. On and before August 8, 2005, and at all times mentioned herein, Defendant, MSH, was a full service hospital and medical center providing various medical services for patients admitted therein, including complete emergency room care.

2. On and before August 8, 2005, and at all times mentioned herein, Defendant, SMG, was a full service medical group providing various medical services for patients.

3. On and before August 8, 2005, and at all times mentioned herein, Defendant, HCH, was a full service hospital and medical center providing various medical services for patients admitted therein, including complete emergency room care.

4. On and before August 8, 2005, and at all times mentioned herein, Defendant, KHOSLA, was a physician duly licensed to practice medicine in the State of Illinois.

5. On and before August 8, 2005, and at all times mentioned herein, Defendant, KHOSLA, was a duly authorized agent, apparent agent, and/or employee of Defendants, SMG, and MSH, and each of them, acting within the scope of his agency and employment.

6. On and before August 8, 2005, and at all times mentioned herein, Defendant, BENATAR, was a physician duly licensed to practice medicine in the State of Illinois.

7. On and before August 8, 2005, and at all times mentioned herein, Defendant, BENATAR, was a duly authorized agent, apparent agent, and/or employee of Defendants, SMG and MSH, and each of them, acting within the scope of his agency and employment.

8. On and before August 8, 2005, and at all times mentioned herein, Defendant, SLATER, was a physician duly licensed to practice medicine in the State of Illinois.

9. On and before August 8, 2005, and at all times mentioned herein, Defendant, SLATER, was a duly authorized agent, apparent agent, and/or employee of Defendant, SMG and MSH, and each of them, acting within the scope of his agency and employment.

10. On and before August 8, 2005, and at all times mentioned herein, Defendant, CLARK, was a physician duly licensed to practice medicine in the State of Illinois.

11. On and before August 8, 2005, and at all times mentioned herein, Defendant, CLARK, was a duly authorized agent, apparent agent, and/or employee of Defendant, MSH, acting within the scope of her agency and employment.

12. On and before August 8, 1005, and at all times mentioned herein, Defendant, ALLEGRETTI, was a physician licensed to practice medicine in the State of Illinois.

13. On and before August 8, 2005, and at all times mentioned herein, Defendant, ALLEGRETTI, was a duly authorized agent, apparent agent, and/or employee of Defendant, HCH, acting within the scope of his agency and employment.

14. On and before August 8, 2005, and at all times mentioned herein, Defendant, ALLEGRETTI, was a duly authorized agent, apparent agent and/or employee of Defendant, EMERGENCY, acting within the scope of his agency and employment.

15. On and before August 8, 2005, and at all times mentioned herein, Defendant, HANNA, was a physician duly licensed to practice medicine in the State of Illinois.

16. On and before August 8, 2005, and at all times mentioned herein, Defendant, HANNA, was a duly authorized agent, apparent agent, and/or employee of Defendant, HCH, acting within the scope of his agency and employment.

17. On and before August 8, 2005, and at all times mentioned herein, Defendant, HANNA, was a duly authorized agent and employee of Defendant, EMERGENCY, acting within the scope of his agency and employment.

18. On and before August 8, 2005, and at all times mentioned herein, Defendant, HANNA, was a duly authorized agent, apparent agent, and/or employee of Defendant, HEALTH, acting within the scope of his agency and employment.

19. On August 8, 2005, Plaintiff, LAKITTA HERNANDEZ, underwent left heart catheterization and selective coronary angiography at Defendant, MSH, performed by Defendant, BENATAR.

20. Between August 8, 2005 and August 30, 2005, Plaintiff, LAKITTA HERNANDEZ, was treated by various agents, apparent agents, and/or employees of Defendants, MSH and SMG, and each of them, including, but not limited to, Defendants, BENATAR, SLATER, KHOSLA, and nurses, residents and other house staff.

21. On August 23, 2005, Plaintiff, LAKITTA HERNANDEZ, presented to the Emergency Department of Defendant, HCH, where she was evaluated and treated by various agents, apparent agents, and/or employees of Defendant, HCH, including, but not limited to, Defendant, ALLEGRETTI, as well as nurses, residents and other house staff.

22. On August 29, 2005, Plaintiff, LAKITTA HERNANDEZ presented to the Emergency Department of Defendant, HCH, complaining of right foot and leg pain, numbness, weakness, and a cold foot.

23. On August 29, 2005, Defendant, HANNA, evaluated Plaintiff, LAKITTA HERNANDEZ, in the Emergency Department of Defendant, HCH, along with various nurses and other employees of Defendant, HCH.

24. On August 30, 2005, Plaintiff, LAKITTA HERNANDEZ, was diagnosed with femoral neuropathy and osteodystrophy and discharged from the Emergency Department of Defendant, HCH.

25. On August 30, 2005, Plaintiff, LAKITTA HERNANDEZ, presented to the Emergency Department of Defendant, MSH, complaining of foot pain that began August 10, 2005, that was increasingly intense for the past two-to-three days, a bluish discoloration around the foot, and an inability to walk or put on a shoe and was thereafter admitted to Defendant, MSH, as an inpatient, where she was thereafter treated by various agents, employees and/or apparent agents of Defendant, MSH, including but not limited to Defendants, SLATER, CLARK, KHOSLA, and various residents, fellows, and nurses.

26. On or about August 30, 2005, or August 31, 2005, Defendant, SLATER, examined Plaintiff, LAKITTA HERNANDEZ, and noted a cold right foot which was bluish and dusky, with no palpable or Doppler pulses.

27. On or about August 31, 2005, Defendant, KHOSLA, performed an interventional procedure including a percutaneous transluminal angiography on Plaintiff, LAKITTA HERNANDEZ.

28.     On August 31, 2005, Defendant, CLARK, performed surgery upon Plaintiff, LAKITTA HERNANDEZ, including a right leg above and below the knee popliteal exploration, arteriotomy, thrombectomy, intra-op angiogram and right dorsalis pedis artery exploration, during which Defendant, CLARK, noted right lower extremity ischemia, intact motor function with cold pulseless right foot, and severe pain.

29.     On September 1, 2005, Plaintiff, LAKITTA HERNANDEZ, underwent a right lower extremity arterial Doppler during which it was discovered there was no delivery of blood into the right foot.

30.     On September 2, 2005, Defendant, CLARK, performed a below-the-knee amputation of the right leg of Plaintiff, LAKITTA HERNANDEZ.

31.     On September 7, 2005, while at Defendant, MSH, Plaintiff, LAKITTA HERNANDEZ, was found on the floor after falling out of bed.

32.     On September 8, 2005, Plaintiff, LAKITTA HERNANDEZ, underwent a revision of the right below-the-knee amputation.

33.     On September 13, 2005, Defendant, CLARK, noted tissue with ulceration, acute/chronic inflammation, necrosis, and gangrene and performed an above-the-knee amputation on LAKITTA HERNANDEZ's right leg.

34.     On or around August 8, 2005, and thereafter, Defendants, MSH, SMG, HCH, and HEALTH, by and through its staff of physicians, nurses, residents, and other personnel, had the duty to possess and apply the knowledge and use the skill and care ordinarily used by other reasonably well-qualified healthcare providers under similar circumstances.

35. On or about August 8, 2005, and thereafter, Defendants, KHOSLA, BENATAR, SLATER, CLARK, ALLEGRETTI and HANNA, and each of them, had the duty to possess and apply the knowledge and use the skill and care ordinarily used by other reasonably well-qualified physicians under similar circumstances.

36. On or about August 8, 2005, and thereafter, Defendant, BENATAR, was negligent in the following ways:

    a. Failed to properly perform the left heart catheterization and selective coronary angiography on August 8, 2005;

    b. Failed to appropriately monitor LAKITTA HERNANDEZ's condition following the left heart catheterization and selective coronary angiography;

    c. Failed to properly and timely provide treatment to LAKITTA HERNANDEZ;

    d. Failed to properly examine LAKITTA HERNANDEZ for decreased pulses and change of circulation in her lower extremities;

    e. Failed to timely treat LAKITTA HERNANDEZ for decreased pulses and change in circulation of the lower extremities;

    f. Was otherwise careless and negligent.

37. On August 8, 2005, and thereafter, Defendant, MSH, by and through its duly authorized agents and employees, was negligent in the following ways:

    a. Failed to appropriately monitor LAKITTA HERNANDEZ's condition following heart catheterization and selective coronary angiography;

    b. Failed to properly and timely provide treatment to LAKITTA HERNANDEZ;

    c. Failed to ensure that a physician timely examined LAKITTA HERNANDEZ for decreased pulses and change of circulation in her lower extremities;

    d.    Failed to timely treat LAKITTA HERNANDEZ for decreased pulses and change in circulation of the lower extremities;

    e.    Failed to give adequate anticoagulants to LAKITTA HERNANDEZ before the right leg below the knee amputation;

    f.    Failed to complete surgery with restoring adequate blood flow through LAKITTA HERNANDEZ's leg.

    g.    Failure to properly supervise patient after knee amputation;

    h.    Failed to properly protect LAKITTA HERNANDEZ from falling on September 7, 2005;

    i.    Was otherwise careless and negligent.

38.    On August 8, 2005, and thereafter, Defendant, SMG, by and through its duly authorized agents and employees, was negligent in the following ways:

    a.    Failed to appropriately monitor LAKITTA HERNANDEZ's condition following heart catheterization and selective angiography;

    b.    Failed to properly and timely provide treatment to LAKITTA HERNANDEZ;

    c.    Failed to timely treat LAKITTA HERNANDEZ for decreased pulses and change in circulation of the lower extremities;

    d.    Was otherwise careless and negligent.

39.    On August 23, 2005, Defendant, HCH by and through its duly authorized agents and employees, was negligent in the following ways:

    a.    Failed to perform a full evaluation of the right leg of LAKITTA HERNANDEZ;

    b.    Failed to obtain proper consults;

    c.    Failed to have LAKITTA HERNANDEZ admitted to the hospital;

    d.    Was otherwise careless and negligent.

40. On or about August 23, 2005, Defendant, ALLEGRETTI, was negligent in one or more of the following ways:

> a. Failed to perform a full evaluation of the right leg of LAKITTA HERNANDEZ;
>
> b. Failed to obtain proper consults;
>
> c. Failed to have LAKITTA HERNANDEZ admitted to the hospital;
>
> d. Was otherwise careless and negligent.

41. On or about August 29, 2005, Defendant, HANNA, was negligent in one or more of the following ways:

> a. Failed to perform a full evaluation of the right leg of LAKITTA HERNANDEZ;
>
> b. Failed to act upon complaints of leg pain, numbness, weakness, and cool right foot and lower leg;
>
> c. Failed to obtain proper consults;
>
> d. Failed to have LAKITTA HERNANDEZ admitted to the hospital;
>
> e. Was otherwise careless and negligent.

42. On or about August 8, 2005, and thereafter, Defendant, KHOSLA, was negligent in the following ways:

> a. Failed to appropriately monitor LAKITTA HERNANDEZ's condition following the left heart catheterization and selective coronary angiography;
>
> b. Failed to properly and timely provide treatment to LAKITTA HERNANDEZ;
>
> c. Failed to properly examine LAKITTA HERNANDEZ for decreased pulses and change of circulation in her lower extremities;

    d.    Failed to timely treat LAKITTA HERNANDEZ for decreased pulses and change in circulation of the lower extremities;

    e.    Failed to perform the correct interventional procedure on August 31, 2005, which would include removal of clot or thrombectomy;

    f.    Incorrectly performed the interventional procedure on August 31, 2005;

    g.    Failed to administer thrombolytics on August 31, 2005;

    h.    Was otherwise careless and negligent.

43.    On or about August 31, 2005 and thereafter, Defendant, SLATER, was negligent in the following ways:

    a.    Failed to properly and timely provide treatment to LAKITTA HERNANDEZ;

    b.    Failed to ensure that a physician timely examined LAKITTA HERNANDEZ for decreased pulses and change of circulation in her lower extremities;

    c.    Failed to timely treat LAKITTA HERNANDEZ for decreased pulses and change in circulation of the lower extremities;

    d.    Failed to provide adequate anticoagulants to LAKITTA HERNANDEZ prior to the right leg below the knee amputation;

    e.    Failed to arrange for surgery to restore adequate blood flow through LAKITTA HERNANDEZ's leg;

    f.    Failed to obtain appropriate and timely consultations with specialists;

    g.    Failed to administer thrombolytics;

    h.    Was otherwise careless and negligent.

44.    On or about August 31, 2005, and thereafter, Defendant, CLARK, was negligent in the following ways:

    a.    Failed to appropriately monitor LAKITTA HERNANDEZ's condition;

b.  Failed to properly and timely provide treatment to LAKITTA HERNANDEZ;

c.  Failed to timely examine LAKITTA HERNANDEZ for decreased pulses and change of circulation in her lower extremities;

d.  Failed to timely treat LAKITTA HERNANDEZ for decreased pulses and change in circulation of the lower extremities;

e.  Failed to provide adequate anticoagulants to LAKITTA HERNANDEZ before the right leg below the knee amputation;

f.  Failed to perform proper surgery to restore adequate blood flow through LAKITTA HERNANDEZ's leg;

g.  Failed to administer thrombolytics;

h.  Was otherwise careless and negligent.

45. As a direct and proximate result of the aforesaid negligent acts or omissions of the Defendants, Plaintiff, LAKITTA HERNANDEZ, sustained injuries of a personal and pecuniary nature, including a below-knee amputation followed by an above-knee amputation of her right leg.

46. Attached is the affidavit of Plaintiff's counsel pursuant to 735 ILCS 2-622(a)(2) stating that he has been unable to obtain a consultation of a health care provider as required by 735 ILCS 2-622 against Defendants because the statute of limitations would impair this action and the required consultations could not be obtained before the expiration of the statute of limitations.

WHEREFORE, Plaintiff, LAKITTA HERNANDEZ, demands judgment against Defendants, SINAI HEALTH SYSTEM, a corporation, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, a corporation, SINAI MEDICAL GROUP LTD., a corporation, HOLY CROSS HOSPITAL, SANDEEP KHOSLA, M.D., JOSE DANIEL BENATAR, M.D., MICHAEL SLATER, M.D., ELIZABETH CLARK, M.D., EMERGENCY ROOM CARE PROVIDER, S.C., a

corporation, PAUL ALLEGRETTI, D.O., NAGUI HANNA, M.D., and HANNA HEALTH, P.C., a corporation, and each of them, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

_____
Attorneys for Plaintiff

Keith A. Hebeisen
CLIFFORD LAW OFFICES
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
312/899-9090
Firm No. 32640

KAH:lmw:tls        7N0089

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| LAKITTA HERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. |
| ) | |
| SINAI HEALTH SYSTEM, a corporation, ) | |
| MOUNT SINAI HOSPITAL MEDICAL CENTER ) | |
| OF CHICAGO, a corporation, ) | **PLAINTIFF DEMANDS** |
| SINAI MEDICAL GROUP, LTD., a corporation, ) | **TRIAL BY JURY** |
| HOLY CROSS HOSPITAL, a corporation ) | |
| SANDEEP KHOSLA, M.D., ) | |
| JOSE DANIEL BENATAR, M.D., ) | |
| MICHAEL SLATER, M.D., ) | |
| ELIZABETH CLARK, M.D., ) | |
| EMERGENCY ROOM CARE PROVIDER, S.C., ) | |
| a corporation, ) | |
| PAUL ALLEGRETTI, D.O., ) | |
| HANNA HEALTH, P.C., a corporation, ) | |
| NAGUI HANNA, M.D., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S ATTORNEY AFFIDAVIT PURSUANT TO 735 ILCS 5/2-622(A)(2)

KEITH A. HEBEISEN states as follows:

1. I am one of the attorneys of record for the Plaintiff.

2. I have been unable to obtain a consultation of a health care provider as required by 735 ILCS 2-622 against Defendants because the statute of limitations would impair this action and the required consultations could not be obtained before the expiration of the statute of limitations.

FURTHER AFFIANT SAYETH NOT.

_____
Attorney for Plaintiff

[X]   Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, I certify that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, 31st Floor
Chicago, Illinois 60602
(312) 899-9090
Firm I.D. 32640